ORFINGER, J.
Ronald McKeehan seeks mandamus relief from this Court, asking us to compel the Circuit Court of Orange County, Florida, to rule on his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Although the petition was insufficient as a matter of law, we ordered a response from the State because Mr. McKeehan’s petition incorporated a letter, purportedly written by his trial counsel, admitting to a variety of professional sins, which, if true, would constitute ineffective assistance of counsel.[1] The State reported in its response that Mr. McKeehan’s counsel denied writing the letter. Indeed, the trial court, in denying Mr. McKeehan’s motion for postconviction relief, concluded that the letter was of “dubious origin” and appeared to have been “cut and photocopied together.”
It appears that Mr. McKeehan may have filed a forged letter with both this Court and with the circuit court in Orange County. We deny Mr. McKeehan’s petition for writ of mandamus, his rule 3.850 motion having been ruled on by the trial court, and direct the Clerk of this Court to provide a copy of this opinion to the State Attorney of the Ninth Judicial Circuit for investigation to determine if Mr. McKee-han has violated any criminal laws of the State of Florida.
PETITION DENIED.
SHARP, W. and PETERSON, JJ., concur.
Law Office of William J. McClellan, P.A.
638 Broadway Ave.
Orlando, FL 32803
Phone: 407-648-1525
Fax: 407-648-1921
February 23, 2005
Provided to Lake C.I.
3/8/05
Ronald McKeehan, X-34438
Lake Correctional Inst.
19225 U.S. Highway 27
Clermont, Florida 34715-9025
Re: State v. McKeehan, Case
No. CR01-183
Dear Mr. McKeehan:
Let me first begin my letter by stating that I understand your frustration and will do my best to explain my actions on your behalf.
Mr. McKeehan, you alleged that I did not adequately represent you in your criminal matter. Specifically, you alleged that I did not suppress the evidence or object to the authenticity of the videotape that was used at your trial. Having watched the videotape, I agree with you that the videotape is not clear and that any identification would be difficult. The videotape was inadmissible and it should have been suppressed by me.
I knew that the evidence the assistant state attorney, Ms. Brennan, introduced at *1044 your trial was manufactured and misleading. Had I moved to suppress the false and misleading evidence, the results of the proceedings at your trial would have been a lot different.
I abandoned my required duty of loyalty to you and acted with reckless disregard for my client’s best interest. My intention was to weaken your case the best I could to help the state attorney get the conviction she needed to help with the other case.
I was clearly constitutionally required to file a motion to suppress the state attorney’s evidence against my client’s best interest. In retrospect, I know that I made a very big mistake. There is sufficient proof that will establish that Ms. Brennan did engage in fraudulent conduct.
Mr. McKeehan, I hope that this letter provides you with a satisfactory explanation for my actions.
Sincerely,
William J. McClellan
Enclosures

. The letter, purportedly from McKeehan’s trial counsel, is attached to this opinion.